IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANITA WOODS,

   Plaintiff,

vs.                                                                                               No. 1:22-cv-01210-JDB-jay

FAYETTE COUNTY
HEALTH DEPARTMENT,

   Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Danita Woods filed this pro se Complaint against Defendant Fayette County Health Department alleging that she has been subjected to workplace discrimination. ECF No. 1. This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. The Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. 28 U.S.C. § 1915(e)(2)(B); ECF Nos. 2, 6. For the reasons that follow, the undersigned **RECOMMENDS** that all of Plaintiff's claims be **DISMISSED**.

### I.    PROPOSED FINDINGS OF FACT

Plaintiff alleges in her Complaint that she is an African American female and she works for the Fayette County Health Department as a social worker. ECF No. 1 at ¶¶ 1-2. According to Plaintiff, there are several non-African American employees and two female Caucasians who were treated more favorably than Plaintiff. ECF No. 1 at ¶¶ 7-8. She states that at some point "a

dirty rug [was] thrown on her office floor," and that two white employees "were given brand new rugs in their office." ECF No. 1 at ¶ 4. Additionally, Plaintiff avers that she "does not have a working telephone in her office," but the two white "employees have working telephones." ECF No. 1 at ¶ 5.

Plaintiff filed a charge of discrimination with the EEOC, and the EEOC issued a right-to-sue letter on August 4, 2022. ECF No. 8. Plaintiff then filed her Complaint on September 26, 2022, well within the ninety days of receiving her right-to-sue letter. In the Complaint, Plaintiff raised claims of race and gender discrimination under Title VII of the Civil Rights Act, and an alleged violation of her civil rights pursuant to 42 U.S.C. § 1981 *et seq*. ECF No. 1 at ¶¶ 11-15.

## II.    SCREENING STANDARD

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim upon which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556

2

U.S. at 681.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990). Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are "'clearly baseless,' a term encompassing claims that may be described as fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, a court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

### III.     PROPOSED CONCLUSIONS OF LAW

The undersigned recommends that Plaintiff's Complaint be dismissed in its entirety. Plaintiff's allegations that her employer provided her a "dirty rug" and a non-functioning telephone for her office does not rise to the level of an actionable Title VII claim under either a race or gender theory of liability. Furthermore, Plaintiff has failed to allege any facts that would support a prima facie case of discrimination under 42 U.S.C. § 1981.

   A.     <u>Title VII.</u>

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of

such individual's race, color, . . . [or] sex . . . ." 42 U.S.C. § 2000e-2(a)(1). To establish a race-based or gender-based discrimination claim, a plaintiff must plead facts to show that (1) she "is a member of a protected class;" (2) she "suffered an adverse employment action;" (3) she "was qualified for the position;" and (4) one of the other "similarly-situated employee[s] outside the protected class . . . was treated more favorably" than plaintiff. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

The second element, an adverse employment action, requires a plaintiff to show they suffered a "'materially adverse change in the terms or conditions' of employment." *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014) (quoting *Kocsis v. Multi-Care Mgmt. Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)). In the Sixth Circuit, "employment actions that are de minimis are not actionable under Title VII." *Blackburn v. Shelby Cnty.,* 770 F. Supp. 2d 896, 919 (W.D. Tenn. 2011)(citations omitted). "To prevent lawsuits based upon trivial workplace dissatisfactions, the Sixth Circuit requires a plaintiff prove the existence of an 'adverse employment action' to support a Title VII claim." *Id.* (quoting *Hollins v. Atl. Co.,* 188 F.3d 652, 662 (6th Cir.1999)). An adverse employment action can also be defined as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Laster,* 746 F.3d at 727 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (internal quotation marks omitted)). It "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Hollins,* 188 F.3d at 662 (citation omitted). "Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the

4

circumstances." *Sands v. Jackson State Cmty. Coll.,* No. 1:03-1333-T-An., 2006 WL 1174469, at *5 (W.D.Tenn. April 29, 2006) .

Plaintiff's Title VII race and gender discrimination claims are not actionable due to Plaintiff's failure to allege any adverse employment actions. Although Plaintiff alleges that she was provided a dirty rug and no functional telephone in her office, these actions do not rise to the level of showing a "significant change in employment status" that is necessary to proceed. *Laster,* 746 F.3d at 727. These allegations, at best, demonstrate de minimis employment actions or trivial dissatisfactions. *See Blackburn,* 770 F. Supp. 2d at 919. Accordingly, the undersigned RECOMMENDS that Plaintiff's Title VII claims be DISMISSED.

  B. <u>42 U.S.C. § 1981.</u>

The Court also RECOMMENDS DISMISSING Plaintiff's 42 U.S.C. § 1981. Section 1981, in relevant part, provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ..." 42 U.S.C. § 1981(a). The statute is applicable to claims of racial discrimination in the employment context. *Wagner v. Merit Distribution*, 445 F. Supp. 2d 899, 904–05 (W.D. Tenn. 2006).

To demonstrate a prima facie case of race discrimination, the plaintiff must show that "(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *Crayton v. Pharmedium Servs., LLC*, 213 F. Supp. 3d 963, 979 (W.D. Tenn. 2016). "The key question is always whether, under the particular facts and context of the case at hand, the plaintiff has presented sufficient evidence that he or she suffered an adverse employment

action under circumstances which give rise to an inference of unlawful discrimination." *Id.* (citation omitted).

As in her Title VII claim, Plaintiff has failed to allege an adverse employment action other than the de minimis actions discussed above. Accordingly, the undersigned RECOMMENDS dismissing Plaintiff's § 1981 claim on the basis that she fails to allege any actionable adverse employment action.

### IV.   CONCLUSION

The undersigned **RECOMMENDS** Plaintiff's Complaint be **DISMISSED**.

Respectfully submitted, this the 15th day of June, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**