IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANITA WOODS,

    Plaintiff,

v.                                                        No. 1:22-cv-01210-JDB-jay

FAYETTE COUNTY HEALTH DEPARTMENT,

    Defendant.

_____

ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE
_____

        On September 26, 2022, the Plaintiff, Danita Woods, filed a pro se complaint against the Fayette County, Tennessee, Health Department alleging workplace discrimination. (Docket Entry ("D.E.") 1.) Specifically, Woods, a black female, alleged that a dirty rug was thrown on the floor of her office while white employees received new rugs and that her office did not contain a working telephone. In an order entered October 5, 2022, Plaintiff was granted leave to proceed in forma pauperis. (D.E. 6.) Under Administrative Order No. 2013-05, the action was referred to the assigned magistrate judge, Jon A. York, for management of all pretrial matters. In a screening report and recommendation entered June 15, 2023, (the "R&R") pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York recommended that this matter be dismissed for failure to state a claim on which relief may be granted. (D.E. 9.) On June 28, 2023, Woods filed objections to the R&R. (D.E. 10.)

        Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2). Objections must, even where the plaintiff is pro se, be

1

"clear so that the district court can discern those issues that are dispositive and contentious." *Jessie v. Phaneuf*, Case No. 21-cv-11201, 2023 WL 1099756, at *2 (E.D. Mich. Jan. 30, 2023) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted). That is, "the objections must be clear and specific enough to permit the Court to squarely address them on the merits." *Id.* A generalized objection "does not sufficiently identify alleged errors on the part of the magistrate judge." *Razmi v. Solaronics, Inc.*, Case No. 15-cv-10430, 2016 WL 5339732, at *2 (E.D. Mich. Sept. 23, 2016). Upon the filing of timely objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2).

In her objections, Woods generally complains that she was not permitted to provide the Court with evidence to support her claims and that her case had not been "judged" fairly. However, she perhaps misunderstands the screening process. As Judge York explained in the R&R, when a plaintiff is granted pauper status, the Court is required under § 1915(e) to screen the complaint in order to determine whether it fails to state a claim upon which relief may be granted. The standard utilized in that determination arises under Fed. R. Civ. P. 12(b)(6), which requires the pleading to contain "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible on its face*[.]" *McLaughlin v. Drain*, No. 3:22-cv-00988, 2022 WL 17861427, at *1 (M.D. Tenn. Dec. 21, 2022) (citing *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)) (emphasis added). Although pro se plaintiffs are held to a less stringent standard when drafting pleadings as opposed to those prepared by attorneys, they are not exempt from the requirements of the Federal Rules of Civil Procedure. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Wells v. Brown*, 891 F.2d

591, 594 (6th Cir. 1989)).  Based on his review of the complaint, the magistrate judge determined that Plaintiff's allegations of a dirty rug and lack of a working telephone fell short of supporting a prima facie case of discrimination under Title VII of the Civil Rights Act or 42 U.S.C. § 1981, *et seq*.  Evidence of the dirty rug and lack of a working telephone would not have made the claims alleged any more cognizable.

Upon de novo review, the objections are OVERRULED, the R&R is ADOPTED, and this matter is DISMISSED.  Further, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a) that an appeal of this order would not be taken in good faith and leave to appeal in forma pauperis is DENIED.

IT IS SO ORDERED this 14th day of July 2023.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE